IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| HENRY SEBASTIAN ROHDEN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0147 |
| | § | |
| H.R. RIOS JR., Warden, | § | |
| Federal Correctional Institution, Florence, CO | § | |
| | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION
### TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS
### AS TIME BARRED UNDER 28 U.S.C. § 2244(d)

Came this day for consideration the Petition for a Writ of Habeas Corpus filed by petitioner HENRY SEBASTIAN ROHDEN on May 30, 2006.[1] By his habeas application, petitioner appears to be challenging his January 27, 1993 state court conviction for the felony offense of attempted murder out of the 320th Judicial District Court of Potter County, Texas.[2]

For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that petitioner's application for a writ of habeas corpus should be DISMISSED as time barred.

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court).

[2] Although petitioner avers he is currently confined in the Federal Bureau of Prisons system, he is herein challenging a state court conviction.

I.
PROCEDURAL HISTORY

According to petitioner, he pleaded guilty to the offense of attempted murder in Cause No. 32,139-D. The trial court accepted petitioner's guilty plea and on January 27, 1993 assessed petitioner's punishment at ten (10) years confinement. No direct appeal of petitioner's conviction was taken.

On or about July 20, 2004, petitioner asserts he filed a state application for a writ of habeas corpus. A review of the docket for the Texas Court of Criminal Appeals shows the writ to be received by that court on September 22, 2004. *Ex parte Rohden*, App. No. 60,211-02. On June 22, 2005, the Texas Court of Criminal Appeals denied such application without written order on the trial court findings without a hearing. On May 30, 2006, petitioner filed the instant federal habeas application challenging his conviction and sentence.

II.
PETITIONER'S ALLEGATIONS

Petitioner alleges his conviction was in violation of the Constitution and/or laws of the United States for the following reasons:

1. Petitioner was deprived of his right to due process because the prosecutor failed to provide petitioner with advanced written notice of the amended attempted murder charge;

2. Petitioner's plea was involuntary because he did not fully understand the consequences of such plea;

3. Petitioner's plea was involuntary because it was induced by misrepresentations;

4. Trial counsel was ineffective; and

5. The trial court failed to admonish petitioner and to determine that he was in fact entering a plea voluntarily and with full understanding of his rights.

III.
AEDPA LIMITATIONS PERIOD

Before the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 [hereinafter AEDPA], a prisoner faced no strict time constraints in filing a petition for a writ of habeas corpus.  The AEDPA, however, amended 28 U.S.C. § 2244 to establish a one-year limitation period for filing a habeas petition in federal court.  That section provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Title 28 U.S.C. § 2244(d) also provides for tolling of the statute of limitations (1) if the claims presented in the petition for writ of habeas corpus, for some reason, could not have been presented earlier because of some impediment to filing created by state action, (2) if the constitutional right asserted was initially recognized by the Supreme Court is on a date

subsequent to the date the conviction became final, or (3) if the date on which the petitioner discovers the factual predicate of the claim or claims presented, or by the exercise of due diligence should have discovered them, is subsequent to the date the conviction became final.  In instances such as these, the limitation period would begin on the applicable post-conviction date. The new time limitations imposed by section 2244 apply to the instant habeas application because it was filed after the effective date of the statute, April 24, 1996.  *See Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

As stated *supra*, petitioner was convicted on January 27, 1993.  According to the AEDPA, petitioner is afforded one year following his final conviction date to file a federal application for a writ of habeas corpus.  Since petitioner's conviction occurred prior to the enactment of the AEDPA, he was entitled to a statutory period of one year from the enactment date of the statute or until April 24, 1997.  Petitioner however, filed nothing related to his conviction until his state habeas application, which was filed in July of 2004, and denied June 22, 2005.[3]  Petitioner's instant application is therefore untimely and should be dismissed.

## IV.
## RECOMMENDATION

For the reasons set forth above, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner HENRY SEBASTIAN ROHDEN be DISMISSED as time barred.

---

[3] Petitioner is not entitled to "tolling" for the period his state habeas petition was pending because it too was untimely filed.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 15th day of September 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).